# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR420-056 |
| | ) | |
| ELIAS SAMUEL CASTELLANOS, *et al.* | ) | |
| Defendant. | ) | |

## ORDER

The indictment in this case alleges that the individuals and entities charged "were members and associates of a transnational criminal organization (the 'Wu TCO'), whose members and associates engaged in wire fraud, international wildlife trafficking, drug trafficking, and money laundering, among other crimes . . . ." Doc. 3 at 2 (Indictment). Defendant Elias Samuel Castellanos is charged with one count of conspiracy to commit wire fraud and mail fraud, in violation of 18 U.S.C. § 1349, one count of conspiracy to possess with intent to distribute and to distribute a controlled substance, in violation of 21 U.S.C. § 846, and one count of money laundering conspiracy, in violation of 18 U.S.C. § 1956(h). *See id.* 9-33 (Indictment).   The Government moved for a protective order

governing defendants' handling of discovery materials in this case. *See* doc. 320. Defendant Castellanos opposed that motion. Doc. 326. The Government filed a reply, doc. 340, which Castellanos moved to strike, doc. 342. The Court held a hearing on the Motion for Protective Order on February 17, 2021. Doc. 343. The Government responded in opposition to the Motion to Strike. Doc. 346. Thus, both motions are ripe for disposition.

## I. Consenting Defendants

Several defendants have consented to the Government's proposed order. The Government's motion represents that "[c]ounsel for the United States has discussed this motion with all parties of record and only counsel for Defendant Elias Castellanos objects to this motion. Counsel for all other defendants do not object to this motion." Doc. 320 at 1. Confirming that representation, none of the other defendants have responded in opposition to the Government's motion, *see* S.D. Ga. L. Civ. R. 7.5 ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion."), and none have moved to join Castellanos' opposition. Given those defendants' consent, the

Government's motion is **GRANTED, in part,** as to those defendants. Doc. 320.

Defendants Serendipity Business Solutions, LLC, Terry Xing Zhao Wu, Natalie Ye Man Chan Wu, Woonjin Lam, Anthony Wu, Billy Chen, Ying Le Pang, Phoenix Fisheries, LLC, Mark Leon Harrison, Heather Huong Ngoc Luu, Lam Phuc Quang, Kevin Chinh Nguyen, and Terry Louis Shook, and their respective counsel, are **DIRECTED** as follows[1]:

All discovery provided to the named defendants by the Government shall:

(1)  Be used by counsel of record only for purposes of representing their clients in this action;

(2)  Be maintained in a safe and secure manner by each counsel of record;

(3)  Not be possessed by the above listed defendants, except in the presence of defendant's counsel, or as agreed upon pursuant to the procedures outlined below; and

---

[1] The terms below are adopted from the Government's unopposed motion. *See* doc. 320 at 3-5. To the extent that the Government requests that the Court confirm the application of the Federal Rules of Civil Procedure and the Court's Local Rules, *see id.* at 5, that request is **DENIED, in part, as moot**.

>   (4)   Not be disclosed in any form by either party in any format outside of this action, to include disclosure on social media.[2]

The following procedures shall govern the named defendants' possession of discovery materials:

Sensitive and confidential items of discovery shall not be independently possessed by the named defendants. Pursuant to the Government's unopposed motion, sensitive and confidential discovery items shall include, but are not limited to, (1) information containing personal identifying information (which includes bank records amongst other information); (2) grand jury material; (3) reports and videos disclosing the identity of witnesses, confidential sources, and undercover agents; and (4) search results of electronic devices such as cell phones and computers.

---

[2] As discussed more fully below, there is some question as to whether the Government has scrupulously abided by this condition prior to the entry of this Order. For clarity, although no further emphasis should be needed, pursuant to the Government's request, this provision applies with equal force to it. Disclosure by the Government of *any* discovery material, "in any form," *i.e.*, even by reference or implication, outside the limits of this action will be treated as a violation of the terms of this Order. Such a violation may subject the Government, as a litigant, or its counsel to appropriate sanctions.

If any of the named defendants' counsel seek to have their client possess certain non-sensitive, non-confidential items of discovery outside the presence of counsel, then such item may only be independently possessed by the defendant if counsel for the United States and defense counsel agree in advance of any possession that the item is non-sensitive, non-confidential and may be independently possessed by the defendant. Any of the named defendants' counsel seeking to independently disclose non-sensitive, non-confidential discovery items to their client shall inform counsel for the United States prior to such disclosure, in writing, by identifying the category of the item with particularity. If the parties agree that a particular non-sensitive, non-confidential discovery item may be independently disclosed to any of the named defendants, then that defendant's counsel shall ensure that the item and all copies are returned to defense counsel after independent review by the defendant. In the event that the parties cannot agree to the independent disclosure of non-sensitive, non-confidential discovery to any of the named defendants, defense counsel shall seek modification of this Order from the Court by motion and the United States shall have fourteen days to respond to any such motion. In that case, the movant may submit any particular piece of

disputed discovery material to the Court for consideration under seal. The Clerk is **DIRECTED** to accept any such item as an exhibit to the party's motion and maintain it **UNDER SEAL** until further Order from the Court.

Discovery material may be disclosed by counsel only to the following designated persons:

(1) Investigative, secretarial, clerical, paralegal personnel, and other attorneys within each defendant's counsel's law firm;

(2) Independent expert witnesses, investigators, or advisors retained by counsel of record in connection with this action;

(3) Other witnesses testifying to the contents of the document / material; and

(4) Such other persons authorized by the Court upon motion of either party.

Counsel of record shall provide a copy of this Protective Order to any designated person to whom they disclose discovery material. Prior to disclosure of discovery material to any designated person, such designated person shall agree to be subject to the terms of this Protective Order.

## II. Defendant Castellanos

The Federal Rules of Criminal Procedure permit the Court "for good cause, [to] deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). "The burden of showing 'good cause' is on the party seeking the order, and among the considerations to be taken into account by the court will be the safety of witnesses and others, a particular danger of perjury or witness intimidation, and the protection of information vital to national security." *United States v. Cordova*, 806 F.3d 1085, 1090 (D.C. Cir. 2015) (internal quotation marks, citation, and alterations omitted). Although the Court ultimately finds that the Government has borne that burden, at least in part, its conduct is sufficiently troubling to merit a more detailed discussion.[3]

---

[3] Rather than mention the incredible tone of arguments the Government has advanced at every relevant point, a general comment will suffice:

Several times in the Government's response—and during its presentation at the hearing—it suggested that defendant was seeking "special treatment" by opposing the protective order. *See, e.g.,* doc. 340 at 1. Such a suggestion is entirely meritless, if not offensively so. Neither the Court, nor the defendant, is in a position to tell the Government that it must disclose material not otherwise discoverable under Rule 16. *See* doc. 340 at 7. If it undertakes to make such disclosures to avoid "inconvenience," *id.*, however, it cannot then compel Castellanos to forego his own rights. The Government may well be correct that its proposed solution "strikes a proper balance between protecting sensitive discovery with defendants' interest in preparing a

The Government's initial motion seeking the protective order is manifestly deficient. As Castellanos points out, at least one of the provisions that it seeks is superfluous, given the Court's Local Rules. *See* doc. 326 at 2 (citing S.D. Ga. L. Crim. R. 16.1). The first provision requested by the Government, that discovery materials "[b]e used by counsel of record only for purposes of representing their clients in this action," doc. 320 at 3, does not clearly require anything more than the Local Rule's direction that prohibiting "dissemination" of information "beyond that necessary to the preparation of his [or her] client's defense." S.D. Ga. L. Civ. R. 16.1. It is clear that there is no good cause for protections redundant of those already provide by the Court's Local Rules. Defendant is also correct that the motion fails to cite, meaningfully, any legal authority, in violation of this Court's Local Rules. *See id.* at 5-6 (citing S.D. Ga. L. Crim. R. 12.1). The Assistant United States Attorney's

---

defense." *Id.* Castellanos, clearly, disagrees. Since he does not consent, it is the Government's burden, *not Castellanos'*, to vindicate the propriety of the balance. In at least some respects, it has not done so. The suggestion that Castellanos' putting it to that burden is in any way inappropriate betrays a fundamental misunderstanding of the respective roles of the Government and defendant in a criminal prosecution. While the Court appreciates that such mistaken suggestions may result from carelessness or overzealousness in the context of adversarial litigation, they cannot be allowed to pass without comment.

argument at the hearing that the motion's single citation to Rule 16(d)(1) on its last substantive page satisfies that requirement, and also incorporates by implication the commentary and legal authority, strains credulity.

The closest the Government's motion comes to articulating good cause is its assertion that "a substantial amount of the discovery" includes sensitive personal information of non-parties. *See* doc. 320 at 3. The value of that assertion is significantly diminished by the fact that immediately prior, the Government notes the vast extent of the discovery; that it contains "terabytes of electronic information and over a terabyte of paper documents seized." *Id.* The Court is left to wonder what a "substantial amount" means. Is it simply a large amount—one hundred megabytes of data is, after all, a large amount—or is it a high proportion of the discovery? There's simply no way for the Court to know. As defendant points out, even supposing that the bare assertion of the inclusion of such information could show good cause as to the discovery containing it, the same assertion cannot establish good cause for the remaining discovery. *See* doc. 326 at 8-9.

Having failed to observe its substantive burden—in any meaningful sense—in its original motion, the Government proceeded to neglect its procedural obligations. This Court's Local Rules permit parties to file reply briefs without leave of court, but they must "immediately" notify the Clerk of their intent to reply and file any such reply within fourteen days. S.D. Ga. L. Civ. R. 7.5. Instead, without any prior notice, the Government filed its reply twenty-eight days after defendant's opposition, and only one day before the hearing on the motion. *See* doc. 340.

Defendant, not surprisingly, moved to strike that response as untimely. Doc. 342. The Government's response is that the delay was attributable to excusable neglect. *See* doc. 346. The Court is persuaded that the two-week delay is the type of "innocent oversight" regarded as excusable. *See id.* at 3 (citing[4] *Walter v. Blue Cross & Blue Shield of Wi.*, 181 F.3d 1198, 1202 (11th Cir. 1999)). Since the reply's untimeliness was attributable to excusable neglect the Motion to Strike it is **DENIED**. Doc. 342.

---

[4] At the risk of belaboring the point that the Government's participation in this matter has been slipshod, at best, *Walter* is miscited in its brief. *See* doc. 346 at 3 (using a short citation form without a prior full citation).

Even considering the Government's untimely response, it still fails to establish good cause for the full extent of the protection it seeks. As discussed above, the first provision, limiting *counsel*'s use of the information, is superfluous. Defense counsel objects that the second provision, requiring that discovery material be maintained "in a safe and secure manner," doc. 320 at 3, "is something that counsel does in every case," doc. 326 at 2. The Court agrees that the Government has shown no cause to think that such a vague and patronizing admonition is necessary. The Government's motion to impose those provisions is, therefore, denied, in part.

The Court, however, disagrees with defendant's contention that the fourth provision, prohibiting "either party" from disclosing discovery information "in any format outside the action, including disclosures on social media," is redundant of Local Rule 16.1. The Local Rule, by its plain terms, applies to "[d]efense counsel." S.D. Ga. L. Crim. R. 16.1. The Government's requested provision would seem to apply to *both* defense counsel and defendant, as well as the Government. Defense counsel's proffer that she "routinely warns clients not to disseminate discovery," doc. 326 at 3, hardly provides the same protection as a court order.

Moreover, while the Court appreciates the force of defendant's argument that the Government's own publicity of this case "belie[s]" its concerns about dissemination, *see* doc. 326 at 13, that inconsistency does not vitiate the Government's concern. To the extent, then, that the Government seeks a general prohibition on disclosure of discovery material outside of this action, its motion is granted, in part.

As defendant's motion concedes, "[w]hat is really at issue here" is the request that defendant not possess any discovery material except in the presence of his counsel. Doc. 326 at 3; *see also* doc. 320 at 3. Related to that prohibition, the Government proposes that if defense counsel seeks to permit possession of discovery material, then she must "inform counsel for the United States prior to such disclosure, in writing, by identifying the category of the item with particularity." Doc. 320 at 4. Defense counsel makes the very persuasive, if not to say obvious, point that such a requirement would force her to reveal her assessment of discovery material, to which the Government would not otherwise have access. *See* doc. 326 at 12 (citing Fed. R. Crim. P. 16(b)(2)(A)). While the Court accepts that the Government did not intend to solicit protected or

privileged information, the practical implications preclude imposition of the proposed procedure.[5]

The other problem with the Government's proposal is its breadth. As defense counsel points out, despite articulating good cause for particular kinds of information, *see* doc. 340 at 6, the Government seeks "a broadly sweeping protective order governing every single piece of discovery," doc 326 at 10. As the Government's response points out, there is substantial authority that "[a] *carefully drawn* protective order can allow for full and broad discovery while at the same time" protecting other important interests. *See* doc. 340 at 6 (emphasis added). Defense counsel's point, however, is that the proposed protective order is hardly "carefully drawn," and her point is well-taken.

By arguing for restriction on *all* discovery materials because *some* discovery materials contain properly protected information, the

---

[5] The Government's response to this argument seems to misunderstand the issue. *See* doc. 340 at 9. Under the proposed protective order, the default position would be that counsel could not share material. *See* doc. 320 at 4. If counsel then requested to share material, it would give rise to the reasonable inference that she found something especially significant about that material. Any request for the Government's agreement, or even motion to modify the order without that agreement, would *necessarily* reveal her assessment of the material at issue, even if only by implication. That revelation of defense counsel's thinking would seem to be beyond the Government's proper purview and it has identified no argument or authority suggesting otherwise.

Government gets the "good cause" standard precisely backwards. The Court agrees with the Government that the fact that the discovery includes "grand jury material, Title III interceptions, and [material implicating] witness safety concerns are all good cause for protective orders." Doc. 340 at 6. Nevertheless, the Government has never contended that the entirety of the discovery, including "terabytes of electronic information and over a terabyte of paper documents," doc. 320 at 3, includes nothing but such information. As discussed above, the Government has not suggested that such information comprises a significant proportion of the discovery material. To the extent that the discovery includes other information, the Government has not offered, much less proven, good cause to restrict access to it.

Given that the Government has identified, however inartfully, that there is good cause to impose limits on the defendant's unrestricted possession of *certain* parts of the discovery in this case, the Court will impose a more "carefully drawn" protective order. Within seven days of the date of this Order, the Government must produce its discovery to defense counsel and it must identify *specific* information it contends is properly restricted. The Government shall identify information it

contends is properly restricted by providing defense counsel with additional copies of any such discovery with the properly restricted information, but only the properly restricted information, redacted. For example, if a one-page document includes a third-party's Social Security number, the Government must provide defense counsel with a copy of that document redacting *only* the Social Security number. If defense counsel disagrees with any of the proposed *specific* protections, she is free to move for modification of this Order, attaching the redacted version as an exhibit and the unredacted version as a sealed exhibit. The Clerk is **DIRECTED** to accept any such item as an exhibit to defendant's motion and maintain it **UNDER SEAL** until further Order from the Court.

Redacted copies of the discovery materials may be possessed by defendant at defense counsel's discretion and consistent with the Federal Rules of Criminal Procedure and the Court's Local Rules. The parties are **DIRECTED** that unredacted copies of discovery material shall not be possessed by defendant, except in the presence of defense counsel. The parties are further **DIRECTED** that discovery materials shall not be disclosed in any form, including redacted martials, outside of this action,

to include disclosure on social media.[6]  At defense counsel's discretion, redacted or unredacted copies of discovery materials may be disclosed to the following persons:

    (1)    Investigative, secretarial, clerical, paralegal personnel, and other attorneys within defense counsel's law firm;

    (2)    Independent expert witnesses, investigators, or advisors retained by counsel of record in connection with this action;

    (3)    Other witnesses testifying to contents of the document / material; and

    (4)    Other such persons authorized by the Court upon motion of either party.

Defense counsel is **DIRECTED** to provide a copy of this Protective Order to any such person to whom they disclose discovery material.  Prior to disclosure of discovery material to any designated person, such designated person shall agree to maintain that material in a safe and secure manner and be subject to the terms of this Protective Order, as applicable to defendant Castellanos.

---

[6] *See* fn. 2, *supra*.

## III. Conclusion

In summary, the Government's Motion for a Protective Order as to defendants Serendipity Business Solutions, LLC, Terry Xing Zhao Wu, Natalie Ye Man Chan Wu, Woonjin Lam, Anthony Wu, Billy Chen, Ying Le Pang, Phoenix Fisheries, LLC, Mark Leon Harrison, Heather Huong Ngoc Luu, Lam Phuc Quang, Kevin Chinh Nguyen, and Terry Louis Shook is **GRANTED, in part**, as unopposed, and **DENIED, in part**, as moot. Doc. 320. Defendant Paul Castellanos' Motion to Strike the Government's Response to Motion for a Protective Order is **DENIED**. Doc. 342. The Government's Motion for a Protective Order as to defendant Castellanos is **GRANTED, in part**, and **DENIED, in part**. Doc. 320.

**SO ORDERED,** this 8th day of March, 2021.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA